IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLES CHAPUIS,<br>　　Plaintiff,<br>v.<br>FOREST HILL GROUP LLC, et al.,<br>　　Defendants. | No. 2:24-cv-2525-SHL-tmp |

**ORDER DENYING DEFENDANT FOREST HILL GROUP LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (STANDING)**

Before the Court is Defendant Forest Hill Group LLC's ("Forest Hill") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Standing) (ECF No. 109), filed June 9, 2025. Plaintiff Charles Chapuis filed his response on July 14 (ECF No. 117) and Forest Hill replied on July 28 (ECF No. 124). Forest Hill argues that, because Chapuis fails to assert that he suffered from an injury-in-fact, or that Forest Hill caused or is likely to have caused Chapuis any injury, the action must be dismissed for lack of Article III standing under Rule 12(b)(1).

For the reasons discussed below, Forest Hill's Motion is **DENIED**.

**BACKGROUND**[1]

As a handicapped wheelchair user and advocate, Chapuis alleges that he is "concerned whether apartments are accessible and usable for people with disabilities." (ECF No. 92 at ¶¶ 3, 32.) He alleges that he was researching apartments in the Memphis, Tennessee area and visited

---

[1] The following facts come from the Second Amended Complaint (ECF No. 92), unless otherwise noted, and are accepted as true for purposes of this Motion.

the City Place at Germantown ("The Property").[2] (Id. at ¶¶ 3, 23, 28.) Upon information and belief, Forest Hill is an owner and participant in the Property's design and construction. (Id. at ¶ 9.)

When visiting the Property, Chapuis alleges that he looked at one or more units, and he observed that the Property had accessibility barriers that would interfere with his ability to use and access the facilities. (Id. at ¶¶ 3, 23, 28.) He alleges that these barriers and lack of accessible features deterred him from renting an apartment at the Property because he could not independently use the Property's features. (Id. at ¶¶ 29, 33.) In addition to feeling deterred from renting, Chapuis alleges "experiencing discrimination" because of his visit to the Property. (Id. at ¶ 33.)

In total, Chapuis alleges that the Property contains over forty inaccessible features in violation of the Fair Housing Act (FHA). (Id. at ¶¶ 36–38.) He seeks injunctive relief so that he and others can fully access and use the property. (Id. at ¶ 34.) In addition to injunctive relief, Chapuis seeks declaratory relief, punitive damages, compensatory damages, and reasonable attorneys' fees and expenses. (Id. at PageID 440–41.)

Forest Hill argues that Chapuis does not have Article III standing to bring this lawsuit, and thus it should be dismissed under Federal Rule of Civil Procedure 12(b)(1). Chapuis contends that his allegations meet an individual's standing requirements for bringing an FHA case.

## **APPLICABLE LAW**

As an unwaivable jurisdictional requirement, Article III standing can be challenged at any point during litigation. See Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC,

---

[2] Although Chapuis does not provide a date for the visit, he alleges that the Property was designed and constructed for first occupancy after August 2022. (ECF No. 92 at ¶ 24.)

2

124 F.4th 990, 992 (6th Cir. 2025) (citing Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528, 531 (6th Cir. 2002)).  In reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on lack of standing, a court accepts all allegations as true and draws any inferences in the light most favorable to the plaintiff.  See Gaylor v. Hamilton Crossing CMBS, 582 F. App'x 576, 579 (6th Cir. 2014).

Standing to sue under the FHA is "as broad as is permitted by Article III of the Constitution."  Hamad v. Woodcrest Condo. Ass'n, 328 F.3d 224, 230 (6th Cir. 2003) (citation modified) (quoting Gladstone, Realtors v. Vill. of Bellwood, 441 U.S. 91, 109 (1979)).  "Under the Fair Housing Act, a plaintiff thus need show only that he or she (1) has suffered an injury in fact (2) that is causally connected to the defendant['s] conduct and (3) that is likely to be redressed by a favorable ruling."  Id. at 230–31 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); DeBolt v. Espy, 47 F.3d 777, 779–82 (6th Cir. 1995)).  The injury-in-fact must be "concrete and particularized."  Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc., 210 F. App'x 469, 478 (6th Cir. 2006) (citation modified).  However, an FHA injury need not be pled with particularity.  See Hamad, 328 F.3d at 232–33 (citation modified).

## ANALYSIS

Forest Hill argues that, because Chapuis has not demonstrated that he suffered an injury-in-fact, or that Forest Hill is likely to cause him to suffer one, he lacks standing to sue it.  It contends that—although Chapuis researched apartments in the Memphis areas, felt "concern[ed]" about apartment accessibility, and felt "deterred" from renting at the Property—his "vague" allegations fail to demonstrate a "concrete and particularized" injury-in-fact and do not meet Article III's requirements for standing.  (ECF Nos. 109-1 at PageID 576–78; 124 at PageID 619–20.)  As support for its position, Forest Hill relies on the organizational standing limits recently outlined by the Supreme Court in FDA v. Alliance for Hippocratic Medicine, 602

3

U.S. 367 (2024), arguing that the same standards should apply to individual FHA plaintiffs like Chapuis. (ECF No. 109-1 at PageID 572–73.) Chapuis responds that the deterrence he experienced constituted an injury-in-fact for FHA standing purposes, and that the Alliance holding is inapplicable to individual FHA plaintiffs seeking to enforce their own civil rights. (ECF No. 117-1 at PageID 607–08.) As discussed below, the Court agrees with Plaintiff.

To begin, the concept of standing for an FHA claim is broader than that recognized by Forest Hill. Under the FHA, an "'aggrieved person' who 'believes . . . [they] will be injured by a discriminatory housing practice that is about to occur'" has standing to sue. Hous. Rsch. & Advoc. Ctr. v. WXZ Residential Grp./Circle Lofts 118 LLC, No. 1:16-CV-2032, 2017 WL 1078956, at *6 n.67 (N.D. Ohio Mar. 22, 2017) (quoting 42 U.S.C. § 3602(i)). Thus, an FHA claim can be brought by people beyond "persons who are directly and immediately subjected to discrimination." Hollis v. Chestnut Bend Homeowners Ass'n, 760 F.3d 531, 544 (6th Cir. 2014) (citation modified); see also Bank of Am. Corp. v. City of Miami, 581 U.S. 189, 197 (2017) ("[The Supreme] Court has repeatedly written that the FHA's definition of person 'aggrieved' reflects a congressional intent to confer standing broadly.").

Chapuis alleges that, based on his experience visiting the Property, he is an "aggrieved person" under the FHA. Regardless of his intent,[3] when visiting the Property, Chapuis alleges observing over forty FHA violations, which made him feel discriminated against and deterred

---

[3] Forest Hill also accuses Chapuis of being a serial filer, citing to four other cases that he has brought in the Western District of Tennessee—Chapuis v. Continental 619 Funds, LLC (No. 2:24-cv-02570-TLP-cgc), Chapuis v. Wolf River Harbor Holdings, LLC (No. 2:24-cv-02657-MSN-atc), which he voluntarily dismissed, Chapuis v. Arlington Forest Creek, LLC (2:24-cv-02661-MSN-tmp), which is currently stayed, and Chapuis v. Mapco Express, Inc. (No. 2:25-cv-02382-MSN-cgc). (ECF No. 109-1 at PageID 573 n.2.) One purpose of the FHA is to eliminate barriers for the disabled. The fact that Chapuis is pursuing other similar claims is not relevant here. Of course, however, only Chapuis' allegations relating to the Property are considered in this action.

from renting there.  Moreover, although he alleges that Forest Hill's conduct impacts other disabled individuals, Chapuis brings the suit on behalf of himself, based only on his experience.  Because these injuries are "concrete and particularized" to Chapuis based on his visit, he has demonstrated that he suffered from an injury-in-fact.  Additionally, by alleging that Forest Hill is an owner of the Property and had a role in its design and construction, Chapuis' allegations trace the injuries back to Forest Hill itself.

Forest Hill relies on Alliance to challenge Chapuis' standing; however, because that case is irrelevant here, Forest Hill's invocation is misplaced.  In Alliance, the plaintiff was an organization of anti-abortion doctors and associations who sued the FDA when the agency "relaxed its regulatory requirements" for mifepristone, a medication used to end pregnancy.  602 U.S. at 372–73.  The Court found that the plaintiff did not have standing because "[an organizational] plaintiff must show 'far more than simply a setback to the organization's abstract social interests.'"  Id. at 394 (quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982)).  However, the Alliance opinion does not indicate that its holding extends to individual plaintiffs.  Because Chapuis is an individual—not an organizational plaintiff with "abstract social interests"—the Alliance analysis is inapplicable.[4]

At the motion to dismiss stage, construing the allegations in the light most favorable to the plaintiff, Chapuis has demonstrated that he suffered from a plausible injury-in-fact connected to Forest Hill's actions.  Because Chapuis "claims to have been injured by a discriminatory

---

[4] Forest Hill also relies on a landmark Supreme Court decision on FHA organizational standing, Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), focusing on the analysis related to the plaintiff housing organization.  (See ECF No. 109-1 at PageID 572, 575.)  That entity alleged interference with its core business activities under the FHA but was not an individual feeling discriminated against and deterred from renting an apartment like Chapuis.  See Havens, 455 U.S. at 366 & n.1, 368, 379.  Thus, like the analysis in Alliance, Havens' discussion of organizational standing does not provide clarity as to whether Chapuis has alleged standing.

5

housing practice," see 42 U.S.C. § 3602(i), he has standing to bring these claims against Forest Hill.

## CONCLUSION

Because Chapuis plausibly alleges that he has standing to bring this FHA action against Forest Hill, the 12(b)(1) Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED,** this 15th day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
