IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES CHAPUIS,<br>    Plaintiff,<br><br>v.<br><br>FOREST HILL GROUP LLC, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-cv-2525-SHL-tmp |

**ORDER GRANTING JOINT MOTION TO EXTEND MEDIATION DEADLINE**

Before the Court is the Parties' Joint Motion to Extend Mediation Deadline, filed August 28, 2025. (ECF No. 134.) In the Motion, the Parties state that, despite their best efforts, they have not been able to agree upon a mediation date by the August 29 deadline. (Id. at PageID 648.) Because the Parties "are currently discussing dates in October 2025," they request a two-month extension to a new deadline of October 31. (Id.) The motion was filed one day before the deadline. (See ECF No. 113 at PageID 595.)

On January 30, the Court granted a similar last-minute joint motion by Plaintiff Charles Chapuis and Defendant Forest Hill Group LLC, the only two parties to the case at the time, extending the Alternative Dispute Resolution ("ADR") deadline by more than two months, from January 30 to March 6. (ECF No. 24.) The motion was filed one day before the deadline. (See ECF No. 22.) In the order, the Court cautioned both parties against requesting further extensions, especially at the eleventh hour. Later, after more defendants were added and a new scheduling conference held, the Court extended the ADR deadline to June 30. (ECF No. 76 at PageID 361.) Then, the Court granted another two-month extension following a lack of communication over Chapuis' counsel's health. (ECF No. 113.) The Court then set the present

deadline of August 29.  (Id.)  In the order, the Court warned against further delays due to miscommunication.  (Id. at 595.)

Now a fourth motion for extension of time is filed one day before the deadline, premised on the Parties' inability to agree on a mediation date.  The Court will allow this fourth extension to the ADR deadline, but it will not allow a fifth.  Although the Court appreciates the challenges inherent in an eight-party mediation, any further continuation will adversely affect the remaining deadlines of the Scheduling Order.  (See ECF No. 76.)  The Parties are warned that there will be no further extensions to the ADR deadline.  If a date cannot be agreed to, the Court will order all Parties to engage in mediation on a date of the Court's choosing and will sanction any party who does not appear.

For good cause shown, the Court **GRANTS** the Motion.  The parties must undergo ADR by October 31, 2025.

**IT IS SO ORDERED,** this 2nd day of September, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE