**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CHAPUIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-2525-SHL-tmp |
| | ) | |
| FOREST HILL GROUP LLC, et al., | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Defendant Parker, Estes & Associates' ("Parker Estes") Motion for Reconsideration, filed August 25, 2025. (ECF No. 133.) For the reasons outlined below, the Court **DENIES** the Motion.

On March 14, 2025, Parker Estes filed a motion to dismiss Plaintiff Charles Chapuis' first amended complaint. (ECF No. 60.) That same month, Chapuis filed a motion for leave to file a second amended complaint seeking to replace a misidentified defendant, Burns Engineering, Inc. of Pennsylvania, with the intended defendant, Burns Engineering of Tennessee. (ECF No. 89 at PageID 406.) The motion was granted, and the second amended complaint was filed on April 23. (ECF No. 92.)

In a filing two days later, Parker Estes argued that "the new complaint fails to cure the deficiencies identified by the motion to dismiss." (ECF No. 94 at PageID 446 (citing Yates v. Applied Performance Techs., Inc., 205 F.R.D. 497, 499 (S.D. Ohio 2002)).) Thus, because Chapuis' second amended complaint made no substantive changes, Parker Estes argued, the amendment should not moot its motion to dismiss. (Id. at PageID 447.) Presumably, given its position, Parker Estes never responded directly to the second amended complaint.

However, because Parker Estes' original motion to dismiss was directed at the first amended complaint, which was no longer the operative one in the case, on August 22 the Court denied that motion as moot.  (ECF No. 131.)  Thus, despite the argument in the Motion for Reconsideration, there was no error in the August 22 Order.  The means by which the Court manages its docket may not be the preferred means of all litigants, but the denial as moot of a motion directed at a complaint that is no longer relevant is not an error that needs correcting.  The Court further notes that a reply is <u>not</u> a motion, and thus procedurally cannot be relied on to support dismissal of the second amended complaint.

However, given this defendant's apparent attempt to rely on a moot motion as its response to a new complaint, it should be afforded time to answer or otherwise respond to the second amended complaint.  Therefore, Parker Estes has seven days (or until September 15, 2025) to answer or file a motion to dismiss the second amended complaint.

Accordingly, the Court **DENIES** the Motion for Reconsideration.

**IT IS SO ORDERED,** this 8th day of September, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
